Burton, J.,
delivered the opinion of the court.
Some time in the year 1857 a store house, situate in the village of Beardstown, was sold at execution sale as the property of complainant — he bid the property off himself. Respondent, Jas. Bates, furnished him $163.40 in gold to pay for it. Homer promised in some short time to repay Bates, and in the meantime, either by himself or through the sheriff, put Bates in possession of the store house as security for re-payment of the debt.
On the 10th of January, 1866, complainant was owner and holder of two notes on the defendants G. W. and Win. T. Ferguson, one of them for one hundred gallons of whisky, and the other for two hundred gallons, *472 on which one hundred had already been paid. Both notes were due the latter part of 1862. On the 10th of January, 1866, aforesaid complainant placed these notes in the hands of the defendant, "Warren, to collect as a constable, and took his receipt for the same. It may be mentioned here that from this receipt it does not appear that Warren became the private agent of complainant any further, or in any other sense than every collecting officer may be said to be the agent of parties whose claims are placed in his hands for’ collection. Warren summoned the Fergusons, on the notes, but before the day of trial the defendant, Bates, sued out an attachment against Homer on his debt of $163.40. Warren levied the attachment on the Ferguson notes and advertised them for sale, and thereupon complainant filed this bill to enjoin the sale of the notes, and have them delivered up and brought into court, and that the Fergusons be required to pay him the cash value of the notes.
The attachment proceedings nowhere appear in this record. ' Complainant alleges in general terms that they were void, but does not point out in what their invalidity consisted. We presume that the writ was sued out because the complainant was absconding, as Bates proved that Warren told him Homer “could not be come at.”
The further ground of relief stated by complainant is, that Warren and Bates conspired to defraud him by levying the attachment on the notes and having them sold in order to buy them in. He also says that by reason of Warren’s delay in collecting the *473 notes, he lost the debt, as the Fergusons proved insolvent. No one demurred to this bill or the amended bill except W. N. Baker, who was, in the progress of the cause, brought in in his character of administrator of Warren, he having died after the filing of the bill. But as the bill was finally dismissed as to him we are unable to see that the error of the Chancellor (if it was one) in overruling his demurrer, prejudiced him, and as the refusal of the Chancellor to grant relief against Warren, or his estate, is the principal matter complained of we proceed to inquire if he erred in so doing, and we think that he did not for several reasons. In the first place, we are bound to take it that the attachment sued out against the complainant by Bates was regular, inasmuch as the complainant points out no defect in it, and if so, it was Warren’s duty when it came to his hands to levy it upon the Ferguson notes. The proof does create the suspicion that Warren and Bates intended to sell these notes and buy them in, but this irregular proceeding was not consummated, being arrested by the injunction in this cause. The other matter of complaint against Warren, that the Ferguson notes were lost by his delay, is not sustained by the proof. There was no great delay in suing on them after, they came into his hands, and all proceedings by him were arrested soon after he did sue by complainant’s injunction, Furthermore, the notes proved a forgpry as to one of the Fergusons, and it is not made out by proof that the other Ferguson failed after Warren received the note for collection, and before the filing of the bill. On *474 the hearing the Chancellor had the Ferguson notes surrendered to the complainant; he ordered an account to be taken between complainant and respondent Bates, charging him with the $163.40, and crediting him with the rents of his house while Bates had it, and all other payments made by him on the debt, and he alone has appealed to this court. We think that he had all the relief he is entitled to by his Honor’s decree.
The decree is therefore affirmed and the cause remanded to be proceeded in. The complainant will pay the costs of this court.